UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SARI BRANCO,                               No. 2:10-cv-03490-MCE-EFB

      Plaintiff,

  v.                                       MEMORANDUM AND ORDER

CREDIT COLLECTIONS SERVICES, INC.,

      Defendant.

----oo0oo----

Defendant, Credit Collection Services, Inc. ("CCS"), moves for attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and 28 U.S.C. § 1927.  For the reasons set forth below, CCS' motion is denied.[1]

///
///
///
///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

1

Plaintiff filed her complaint on December 30, 2010, asserting claims against CCS for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 et seq. ("RFDCPA"). Plaintiff specifically alleged CCS violated both the FDCPA and the RFCPA by leaving three messages on her answering machine demanding payment for an alleged debt. The messages, however, were left for Plaintiff's son, Travis Branco.[2] (See generally Declaration of June Coleman ("Coleman Decl."), filed Feb. 2, 2012, [ECF No. 23, Ex I].) Plaintiff ultimately admitted that she did not owe the debt CCS attempted to collect. (Coleman Decl., Ex H at 4.) However, Plaintiff, in her deposition, testified that at the time she heard the messages, she believed CCS was attempting to collect a debt for her because "it might have been a debt that [she] might have cosigned for Travis." (Decl. Of Sue Ann Melnick ("Melnick Decl."), filed Mar. 7, 2012, [ECF No. 26, Ex. 6], at 6.) In January of 2012, Plaintiff voluntarily dismissed her complaint with prejudice.

CCS seeks to recover attorneys' fees on two grounds, each of which require some showing of bad faith or harassment.

///

///

///

---

[2] Plaintiff's son, Travis Branco, filed a similar claim arising out of the same messages left at the Branco residence. The court granted Travis Branco's motion for summary judgment in that case and granted $1 in statutory damages. See Branco v. Credit Collection Services, 10-cv-1242, 2011 WL 3684503, (E.D. Cal. Aug. 23, 2011).

2

<u>See</u> 15 U.S.C. § 1692k(a)(3) ("On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs."); 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney' fees reasonably incurred because of such conduct.")

    CCS specifically argues that Plaintiff brought this claim in bad faith and for purposes of harassing CCS because she admits that she is not a debtor as that term is defined by the FDCPA. CCS maintains that Plaintiff and her counsel only filed this action for purposes of coercing CCS into settling the claims brought against it by her son. CCS asserts that Plaintiff's counsel is equally to blame for usurping judicial resources by bringing this meritless claim. Thus, CCS maintains that it has met its burden of demonstrating that it is entitled to attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and 28 U.S.C. § 1927. Plaintiff counters that CCS has simply failed to meet its extremely high burden of demonstrating that Plaintiff, or her counsel, acted with subjective bad faith in filing this action, and subsequently dismissing it when they realized the case had no merit.

    It is axiomatic that, in order to obtain attorneys' fees in cases of this nature, a defendant must unequivocally demonstrate that the plaintiff acted in bad faith. <u>Rouse v. Law Offices of</u>

3

1  Rory Clark, 603 F.3d 699, 706 (9th Cir. 2010) (holding that a
2  finding of bad faith is required under 15 U.S.C. § 1692k(a)(3));
3  Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.,
4  210 F.3d 1112, 1118 (9th Cir.2000) (requiring a finding of
5  subjective bad faith for an attorney's actions to qualify as
6  unreasonable and vexatious under 28 U.S.C. § 1927.)  "Bad faith
7  is present when an attorney knowingly or recklessly raises a
8  frivolous argument or raises a meritorious claim for the purpose
9  of harassing an opponent."  Walsh v. Frederick J. Hann & Assoc.,
10 P.C., 2011 WL 537854 *1 (E.D. Cal. Feb. 15, 2011) (quoting In Re
11 Keegan Mgmt. Co., Sec. Litig., 78 F.3d 431, 436 (9th Cir. 1996)).
12 This is a particularly difficult standard to meet.  Indeed,
13 courts generally "give the [p]laintiff the benefit of the doubt
14 that the action was not filed in bad faith and for the purposes
15 of harassment."  Allers-Petrus v. Colombia Recovery Group, LLC,
16 2009 WL 110061 *2 (W.D. Wash. April 29, 2009); Gorman v. Wolpoff
17 & Abrahamson, LLP, 435 F. Supp. 2d 1004, 1013 (N.D. Cal. June 23,
18 2006) (giving plaintiff the benefit of the doubt regarding bad
19 faith in FDCPA case); See also Guerrero v. RJM Acquisitions LLC,
20 499 F.3d 926, 940 (9th Cir. 2007) (holding that, although the
21 court was "skeptical of [counsel's] claim that even he, an
22 experienced consumer protection attorney," found his client's
23 untenable debt collection claims colorable, there was
24 insufficient evidence "to support a finding that plaintiff's
25 claims were brought in bad faith.")
26     In this case, CCS has simply failed to satisfy its heavy
27 burden of demonstrating subjective bad faith on the part of
28 Plaintiff and her counsel.  At bottom, Plaintiff and her

4

attorney, prior to any discovery, filed this claim on a tenuous factual foundation — that Plaintiff may have been a cosigner on the debt owed by her son, qualifying her as a debtor under the FDCPA.  When Plaintiff realized that she did not have a valid claim, she voluntarily dismissed her claim.  See Chavez v. Northland Group, 2011 WL 317482 *7 (D. Ariz. Feb. 1, 2011) (citing plaintiff's voluntary dismissal in concluding that plaintiff did not file his claim in bad faith).  Such conduct, however, is insufficient to show that Plaintiff and her attorney acted with the requisite intent to harass and subjective bad faith to merit attorneys' fees under the statutes CCS relies on.[3] Cf. Moseley v. CitiMortgage Inc., 2011 WL 6151414 *6 (W.D. Wash. Dec. 12, 2011) (holding that, "although the court determined that [defendant was] not a debt collector under the FDCPA, and that plaintiff had not shown that [defendant] did anything improper under the FDCPA, the court c[ould] find that th[e] claim was brought in bad faith and for purpose of harassment.")  As such, CCS' motion for attorneys' fees is DENIED.

IT IS SO ORDERED.

Dated: April 3, 2012

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[3] The court finds similarly unavailing CCS' contention that Plaintiff and her attorney filed this lawsuit for the sole purpose of coercing CCS to settle the claim brought against it by Plaintiff's son, Travis Bronco.  Defendant has simply proffered no evidence to support its theory of collusion between Plaintiff and her counsel.

5